UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

EDDIE M. CANNON,

     Plaintiff,

v.                         CASE NO.:

CITY OF PORT ST. LUCIE, CITY OF
PORT ST. LUCIE POLICE DEPARTMENT,
THOMAS NICHOLS, and DAYANA CANNON,

     Defendants.
_____/

## DEFENDANTS' PETITION FOR REMOVAL
## AND INCORPORATED MEMORANDUM OF LAW

**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA:**

The Petition of Defendants, CITY OF PORT ST. LUCIE, CITY OF PORT ST. LUCIE POLICE DEPARTMENT, and THOMAS NICHOLS, for removal of this action from the Circuit Court in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida, respectfully shows this Honorable Court:

1.     That Petitioners, CITY OF PORT ST. LUCIE, CITY OF PORT ST. LUCIE POLICE DEPARTMENT, and THOMAS NICHOLS, are named as a defendants in a 42 U.S.C. §1983, et seq., false arrest action brought against them in the Circuit Court in and for St. Lucie County, Florida entitled, *"Eddie M. Cannon v. City of Port St. Lucie, a Florida municipality; City of Port St. Lucie Police Department, an administrative subdivision of the City of Port St. Lucie, Thomas Nichols, and Dayana Cannon,*

*individually",* Case Number 562023CA002947AXXXHC. A copy of the Summons directed to the City of Port St. Lucie and the Amended Complaint in that action is attached hereto as Exhibit "A."

2.      That the aforesaid action was commenced by service of process consisting of said Summons and the Complaint upon Petitioner/Defendant, City of Port St. Lucie, on June 11, 2024. However, on or about June 27, 2024, the Honorable Judge Brett Waronicki entered an Order on Report and Recommendation on Motion for Leave to Amend Filed 04/05/2024 adopting the Amended Complaint filed by Plaintiff. This Order and the Report and Recommendation are attached hereto as Exhibit "B."  As such, this Petition for Removal is timely pursuant to 28 U.S.C. §1446(b)(3).

3.      The present case involves a Plaintiff who alleges he was wrongfully arrested by the City of Port St. Lucie Police Department in violation of his Civil Rights.

4.      In compliance with 28 U.S.C. §1446(a), Petitioner/Defendant CITY OF PORT ST. LUCIE, FLORIDA, is a governmental entity in and for the State of Florida, and as such is subject to the federal subject matter, original, or other jurisdiction of this Court.

5.      Pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and (4), and 28 U.S.C. §1441(a) and (b), this civil action may be removed by these Defendants from state court to the United States District Court, Southern District of Florida, Fort Pierce Division.

## <u>MEMORANDUM OF LAW</u>

## <u>STATEMENT OF THE CASE</u>

The instant action originated as a Complaint by Eddie M. Cannon against City of Port St. Lucie, a Florida municipality; City of Port St. Lucie Police Department, an administrative subdivision of the City of Port St. Lucie, Thomas Nichols, and Dayana Cannon, individually alleging that Plaintiff was wrongfully arrested in violation of his Civil Rights pursuant to 42 U.S.C. §1983.

## <u>FEDERAL COURT JURISDICTION</u>

This Court has jurisdiction over the present case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4) and additionally, because Defendant CITY OF PORT ST. LUCIE, FLORIDA, is a governmental entity in and for the State of Florida; as such, this case is subject to the federal subject matter, original, or other jurisdiction of this Court.

28 U.S.C. §1331 provides:

> The District Court shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.

28 U.S.C. §1343(a)(3) and (4) provide that:

> (a)     The District Court shall have original jurisdiction over any civil action authorized by law to be commenced by any person;

> (3)     To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; [or]

(4)     To recover damages or to secure equitable or other relief under any act with Congress providing for the protection of civil rights, including the right to vote.

In the present case, Plaintiff seeks redress for the alleged deprivation of his civil rights conferred by certain Acts of Congress, specifically 42 U.S.C. §1983, et seq.  As such, this Court has original jurisdiction pursuant to 28 U.S.C. §1343(a)(3) and (4).

## <u>REMOVAL</u>

28 U.S.C. §1441 which states:

(a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants to the District Court of the United States for the district or division embracing the place where such action is pending.

(b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Due to the fact that the instant action is one over which the United States District Court for the Southern District of Florida would have both federal subject matter jurisdiction and original jurisdiction pursuant to 42 U.S.C. §1983, et. seq, 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(3) and (4), the present action may be and is properly removable from its pending venue, the Circuit Court in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division, pursuant to 28 U.S.C. §1441.

28 U.S.C. §1446(a) provides:

> A Defendant or Defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the District Court of the United States for which the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such Defendant or Defendants in such action.

Petitioners/Defendants have complied with the terms of 28 U.S.C. §1446(a) in that its Petition sets forth the facts showing that this court has original jurisdiction, that the case is subject to removal, and by attaching a copy of all process and pleadings and orders served upon it in this action.

## **TIMELINESS OF REMOVAL**

28 U.S.C. §1446(b)(3) requires that any petition for removal of a civil action from a state court to federal district court be filed within thirty (30) days of receipt by the Defendant, of a copy of an amended pleading, motion order or other paper setting forth the claim or claims for which relief is sought, or through which the action is brought.  In the instant action, an Order was entered by the St. Lucie Circuit Court on June 27, 2024, adopting the Plaintiff's Amended Complaint and deemed as filed on that date. As a result, Petitioners/Defendants, CITY OF PORT ST. LUCIE, CITY OF PORT ST. LUCIE POLICE DEPARTMENT, and THOMAS NICHOLS, have timely petitioned this Honorable Court for removal of the instant cause, in compliance with 28 U.S.C. §1446(b)(3).

## **CONCLUSION**

The instant action was brought pursuant to 42 U.S.C. §1983 for alleged violations

of Plaintiff's civil rights under the United States Constitution.  Petitioner/Defendant, CITY OF PORT ST. LUCIE, is a governmental entity in and for the State of Florida.  As a result, this Honorable Court has both federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4).

This cause became removable on June 27, 2024, when an Order was entered adopting Plaintiff's Amended Complaint.  Following said Order, Defendants prepared and filed a Petition for Removal pursuant to 28 U.S.C. §1446, and as a result, Defendants/Petitioners are entitled to remove this case from the Circuit Court in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division.

WHEREFORE, Petitioners CITY OF PORT ST. LUCIE, CITY OF PORT ST. LUCIE POLICE DEPARTMENT, and THOMAS NICHOLS, pray that the above-entitled action be removed from the Circuit Court in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 23, 2024, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

<div style="margin-left: 40%;">

*/s/ Donovan Roper*
DONOVAN A. ROPER, ESQUIRE
Florida Bar No. 0858544
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703

</div>

DAR/lb

TEL: 407-884-9944
FAX: 407-884-4343
email@roperandroper.com
lblackburn@roperandroper.com
kroper@roperandroper.com
*Attorney for Defendant, City of Port St. Lucie,*
*City of Port St. Lucie Police Department, and*
*Thomas Nichols*

# EXHIBIT

# "A"

Filing # 188853902 E-Filed 12/29/2023 04:37:59 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR
ST LUCIE COUNTY, FLORIDA
CIVIL DIVISION

**EDDIE MICHAEL CANNON,**
an individual,
Plaintiff

Vs

**CASE #2023**CA002947

**CITY OF PORT ST. LUCIE, a Florida
municipality; CITY OF PORT ST. LUCIE
POLICE DEPARTMENT, an administrative
subdivision of the City of PORT ST. LUCIE,
THOMAS NICHOLS, and DAYANA
CANNON, individually.**

**Defendants.**

_____ /

**SUMMONS**
(Civil Action)

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**CITY OF PORT ST. LUCIE
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984**

**By serving: Shannon Mart, Mayor or in her absence the Vice-Mayor, City Clerk, Secretary, Treasurer, Cashier, General Manager, Registered Agent or in the absence thereof: any Director or other corporate officer.**

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court. A

phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). Your answer may be filed at St Lucie County Courthouse, 51 S. Nieman Avenue, Melbourne, Florida .

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the person/attorney named below.

<div align="center">

**Yvette J. Harrell, Esq.**
**Attorney for Plaintiff**
**The Law Office of Y. J. Harrell, PLLC**
**156 Frow Avenue**
**Coral Gables, Florida 3313**

</div>

<div align="center">

## IMPORTANTE

</div>

Usted ha sido demandado legalments. Tiene Veinte (20) dias, contandos a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podriaser despojado de sus ingresos y propiedades, o prlvado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. La contesta puede ser preentada a St Lucie County Courthouse, 51 S. Nieman Avenue, Melbourne, Florida .

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar ena copia de su respuesta a la persona denominada abajo.

<div align="center">

**Yvette J. Harrell, Esq.**
**Attorney for Plaintiff**
**The Law Office of Y. J. Harrell, PLLC**
**156 Frow Avenue**
**Coral Gables, Florida 3313**

</div>

<div align="center">

## IMPORTANT

</div>

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'ssignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insufficient pour vous proteger; vous estes obliges de deposer votre reponse ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). St Lucie County Courthouse, 51 S. Nieman Avenue, Melbourne, Florida .

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbond ou une phoocopie de votre reponse ecrite a la personne nommee ci-dessous.

<div align="center">

**Yvette J. Harrell, Esq.**
**Attorney for Plaintiff**
**The Law Office of Y.J.Harrell, PLLC**
**156 Frow Avenue**
**Coral Gables, Florida 3313**

</div>

THE STATE OF FLORIDA

TO EACH SHERIFF ON THE STATE. You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above named Defendant.

DATED on **1/2/2024**

MICHELLE R. MILLER. CLERK OF CIRCUIT COURT AND COMPTROLLER
(SEAL)
CLERK OF THE CIRCUIT COURT

By: _____     Deputy Clerk

Filing # 199804104 E-Filed 06/04/2024 02:02:58 PM

IN THE CIRCUIT COURT OF THE NINETEENTH  JUDICIAL CIRCUIT IN AND
FOR ST LUCIE  COUNTY, FLORIDA
CIVIL DIVISION

**EDDIE MICHAEL CANNON,**
**an individual,**

　　　　　　**Plaintiff**

**vs**

　　　　　　　　　　　　　　　　　　　　　**CASE #2023CA002947**

**CITY OF PORT ST. LUCIE, a Florida**
**municipality; CITY OF PORT ST. LUCIE**
**POLICE DEPARTMENT,**
**an administrative subdivision of the City of PORT ST.**
**LUCIE, THOMAS NICHOLS, and DAYANA CANNON,**
**individually.**

　　　　　　　**Defendants.**
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, EDDIE MICHAEL CANNON, by and through his undersigned counsel, hereby sues Defendants, CITY OF PORT ST. LUCIE,   CITY OF PORT ST. LUCIE POLICE DEPARTMENT, THOMAS NICHOLS, and DAYANA CANNON, for damages in violation of the Fourth and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1964 (42 U.S.C. §1983); the Florida Civil Rights Act of 1992; §§ 760.01-760.11 ; and 509.092, Fla. Stat.; and in support thereof alleges:

## JURISDICTION AND VENUE

　　　1.　　　This is an action which arises under the Civil Rights Act of 1964 (42 U.S.C. §1983); the Florida Civil Rights Act of 1992; and the Fourth and Fourteenth Amendments to the United States Constitution.

　　　2.　　　Jurisdiction is founded on Art. V, § 3(b) (4), Fla. Const.; and 28 U.S.C. 1331.

　　　3.　　　Venue is proper in St Lucie because the incident occurred in Port St Lucie, Florida.

4.      At all times material hereto the Plaintiff was a resident of St Lucie County, Florida.

5.      Defendant, City of PORT ST. LUCIE is a municipality in St Lucie County, State of Florida.

6.      Defendant, City of PORT ST. LUCIE  Police Department is an administrative subdivision of the City of PORT ST. LUCIE , in St Lucie County, State of Florida.

7.      Defendant, THOMAS NICHOLS, is a Police Officer in the employment of Defendant, City of  Port St Lucie Police Department

8.      Defendant, DAYANA CANNON, at the time of this Complaint is the estranged wife of Plaintiff, Eddie M. Cannon.

9.      All events given rise to these causes of action occurred in St Lucie County, Florida.

## PARTIES

10.     The Plaintiff is a citizen of the United States of America and was more than 18 years of age, at all times material to the allegations and a resident of St Lucie County, Florida.

11.     At all times relevant, Defendant City of PORT ST. LUCIE, is a municipality incorporated in St Lucie County, Florida.

12.     Defendant, City of PORT ST. LUCIE  Police Department is an administrative subdivision of the City of PORT ST. LUCIE , in St Lucie County, State of Florida.

13.     At all times relevant, Defendant THOMAS NICHOLS  was acting under color of law and was an employee of the Defendant, the City of  Port St Lucie, Florida.

14.     At all times relevant, Defendant DAYANA CANNON,  was the estranged wife of the Plaintiff.

15.     At all times relevant, Defendant City of PORT ST. LUCIE  Police Department, is an administrative subdivision of the City of PORT ST. LUCIE .

## COMPLIANCE WITH CONDITIONS PRECEDENT PURSUANT TO FLORIDA STATUTES §768.28

16.     Plaintiff, EDDIE MICHAEL CANNON, has duly complied with all requirements of Florida Statute §768.28 with regard to the defendants wherein notice pursuant to Florida Statute §768.28 was required, and they have either denied liability; or six months since the service of said notice has expired, and therefore, such is considered as a denial of liability by said  respective defendants. A copy of the Statutory Notice is attached to this Complaint as Exhibit "A."

## COMMON ALLEGATIONS

17.     In March 2022, Defendant THOMAS NICHOLS attested to a report wherein he recounted details provided by Defendant DAYANA CANNON when she reported a theft, accusing Plaintiff of turning on the water faucet to her business and allowing the water to run freely for hours before it was shut off.

18.     Defendant CANNON, attempted various means of gaining sole custody of the minor child shared between her and Plaintiff CANNON.

19.     Finally, in an effort to effectuate a separation between Plaintiff CANNON and their minor child, falsely filed a police report alleging the theft knowing that the property in question was considered jointly owned because the parties were married.

20.     Defendant CANNON was not employed at the time the alleged incident occurred and had not been employed for the term of the marriage.

21.     Defendant CANNON's knew that her financial resources, including those used to pay the bills relating to the alleged property, were also considered marital property.

22.     The allegations against Plaintiff EDDIE CANNON by Defendant DAYANA CANNON dated back to September 25, 2021 and were made at a time when the parties in the midst of an acrimonious divorce.

23.     Upon information and belief, because the water ran for close to 20-hours continuously, the water bill for Defendant CANNON's business was approximately One Hundred and Fifty-Eight Dollars ($158.00), in comparison to the normal monthly amount of Thirty Dollars ($30.00) for city water.

24.     In his report, filed on March 4, 2022, Defendant NICHOLS alleged that both he and Defendant CANNON identified the person in the video as Plaintiff, EDDIE CANNON.

25.     Defendant NICHOLS was able to identify Plaintiff CANNON as the individual on the video as Defendant NICHOLS responded to a disturbance at the marital residence between Plaintiff and Defendant CANNON on September 25, 2020.

26.     Defendant NICHOLS and Defendant CANNON communicated about the allegations raised in Defendant CANNON's complaint, however Defendant NICHOLS did not further his investigation beyond that communication and the view of the video of the incident.

27.     Defendant NICHOLS was aware that Defendant CANNON and Plaintiff EDDIE CANNON were married but failed to consider the possibility that the allegations involved a marital asset.

28.     A simple perusal of the public court records by Defendant NICHOLS would have revealed additional information that would have proved helpful in making a reasonable determination of the facts, yet Defendant NICHOLS' so-called investigation did not include that exercise.

29.     Defendant NICHOLS intentionally failed to question Plaintiff CANNON relating to the facts of the incident.

30.     Defendant NICHOLS failed to inquire whether the water was left running intentionally or accidentally, an answer that could have been ascertained with a reasonable investigation.

31.     Defendant NICHOLS, based primarily on the allegations of Defendant CANNON and not on a through investigation, determined that the allegations made were criminal in nature and warranted arrest.

32.     Defendant NICHOLS, as a sworn officer had an obligation to reasonably investigate the facts that were presented, but failed to do so.

33.     Defendant NICHOLS sought a charge of theft, when in actuality Plaintiff CANNON never "obtained" or "used" the water in question.

34.     Based on the information shared between Defendants CANNON and NICHOLS, Defendant NICHOLS requested a criminal arrest warrant be issued for the Plaintiff, EDDIE CANNON for theft.

35.     On March 29, 2022, multiple officers arrived to Plaintiff's residence located at 2433 Southeast Elston St. Port St. Lucie Florida and arrested the Plaintiff based on an outstanding warrant for first degree petit theft. Said arrest is the subject of this Complaint.

36.     Throughout the arrest, Plaintiff CANNON repeatedly tried to explain that he also owned the property, but none of the responding officers listened.

37.     Upon information and belief, it is not the protocol of Defendant CITY OF PORT SAINT LUCIE POLICE DEPARTMENT to utilitze the number of officers who participated in Plaintiff CANNON's arrest for a misdemeanor, non-violent crime.

38.     It is also not a common practice of Defendant CITY OF PORT SAINT LUCIE POLICE DEPARTMENT to effectuate an arrest involving water running on a property.

39.     The show of force presented by the Defendant CITY OF PORT SAINT LUCIE POLICE DEPARTMENT was excessive and unwarranted.

40.     Defendant CITY OF PORT SAINT LUCIE POLICE DEPARTMENT failed to follow its procedures relating to the investigation and apprehension of alleged perpetrators by knowingly allowing the arrest to take place in the manner alleged above.

41.     A closer look into the facts of this matter would have revealed that Defendant CANNON's actual purpose for filing what she knew to be a false of incomplete police report was to gain ground in her divorce proceeding, not to recover funds spent for the running water.

42.     Defendant CITY OF PORT SAINT LUCIE POLICE DEPARTMENT's administration is obligated to review all arrest warrants and query the underlying facts, but failed to do so in this instance.

43.     The case against Defendant CANNON was not prosecuted, the charges were dropped and a "No Information" document was filed.

44.     To date, Defendant NICHOLS has not received additional professional training as a result of his repeated failures to properly respond to this matter.

45.     To date, neither Defendant CITY OF PORT SAINT nor Defendant PORT SAINT LUCIE POLICE DEPARTMENT has not issued an official apology to Plaintiff CANNON for its mishandling of this case.

## COUNT I
## CLAIM UNDER §768.28, FLORIDA STATUTES AGAINST DEFENDANT THE CITY OF PORT ST. LUCIE

46.     Plaintiff re-alleges Paragraphs 1-45 and incorporate them herein.

47.     Defendant, THE CITY OF PORT ST. LUCIE, through its agents, including but not limited to the CITY OF PORT SAINT LUCIE POLICE DEPARTMENT and THOMAS NICHOLS,  effecting false arrests, and executing affidavits was malicious and unreasonable under the circumstances against Plaintiff, injuring him.

48.     The actions of Defendant, THOMAS NICHOLS and others, which were undertaken within the course and scope of their duties, constituted an unlawful arrest and false imprisonment of Plaintiff.

49.     THE CITY OF PORT ST. LUCIE  is liable to Plaintiff pursuant to Section §768.28, Florida Statutes, for the actions of its officers.

WHEREFORE, Plaintiff, EDDIE MICHAEL CANNON, demands judgment against Defendant THE CITY OF PORT ST. LUCIE  for money damages, court costs, prejudgment interest on liquidated damages, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## COUNT II
## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AGAINST DEFENDANT CITY OF PORT ST. LUCIE

50.     Plaintiff, EDDIE MICHAEL CANNON, hereby sues Defendant, City of PORT ST. LUCIE, for damages, and adopts and re-alleges paragraphs 1 through 49 above as if fully incorporated by this reference.

51.     This is an action that arises under the Civil Action for Deprivation of Rights (42 U.S.C. §1983); the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla. Stat.; and the Fourth and Fourteenth Amendments to the United States Constitution.

52.     At the time of the incident described in the Complaint, Defendant THOMAS NICHOLS, was acting as a law enforcement officer employed by the City of PORT ST. LUCIE, through Defendant CITY OF PORT SAINT LUCIE POLICE DEPARTMENT while on duty,

wearing a police uniform and using the City of PORT ST. LUCIE Police Department's property and under and control of the City of PORT ST. LUCIE, subjected Plaintiff to the deprivation of his rights with no reasonable basis for doing so.

53.     As a result, Plaintiff suffered emotional distress resulting from the incident.

WHEREFORE, Plaintiff, EDDIE MICHAEL CANNON, seeks judgment for damages against the City of PORT ST. LUCIE, and awards for compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, attorneys' fees and costs, and grant such other further relief as it may deem just and proper.

## COUNT III
## VICARIOUS LIABILITY AGAINST DEFENDANT, CITY OF PORT ST. LUCIE

54.     Plaintiff, EDDIE MICHAEL CANNON, hereby sues Defendant, City of PORT ST. LUCIE, for damages, and adopts and re-alleges paragraphs 1 through 53 above as if fully incorporated by this reference.

55.     At the time of issuing the false warrant and affidavit on March 4, 2022, Defendant, THOMAS NICHOLS was an employee of the City of PORT ST. LUCIE Police Department. Defendant, THOMAS NICHOLS, was under the City of PORT ST. LUCIE's direct supervision, employ and control when he committed the wrongful acts described herein.

56.     Defendant, THOMAS NICHOLS engaged in this conduct while acting in the course and scope of his employment with the City of PORT ST. LUCIE and accomplished his wrongful act by virtue of his job-created apparent authority.

57.     The City of PORT ST. LUCIE owed a statutory duty of care to Plaintiff as provided by the Florida Civil Rights Act of 1992, §760.01(2), Fla. Stat.

58.     Defendant, THOMAS NICHOLS , breached his duty of care, which proximately

caused Plaintiff to suffer damages.

59.     As a result, Defendant, City of PORT ST. LUCIE , is liable to Plaintiff as a matter of law.

WHEREFORE, Plaintiff, EDDIE MICHAEL CANNON, seeks judgment for damages against the City of PORT ST. LUCIE, and awards for compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, attorneys' fees and costs, and grant such other further relief as it may deem just and proper.

## COUNT IV

### DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AGAINST DEFENDANT CITY OF PORT ST. LUCIE POLICE DEPARTMENT

60.     Plaintiff, EDDIE MICHAEL CANNON, hereby sues Defendant, City of PORT ST. LUCIE POLICE DEPARTMENT, for damages, and adopts and re-alleges paragraphs 1 through 53 above as if fully incorporated by this reference.

61.     This is an action that arises under the Civil Action for Deprivation of Rights (42 U.S.C. §1983); the Florida Civil Rights Act of 1992; §§ 760.01-760.11, Fla. Stat.; and the Fourth and Fourteenth Amendments to the United States Constitution.

62.     On March 4, 2022, Defendant, THOMAS NICHOLS, was acting as a law enforcement officer employed by the City of PORT ST. LUCIE POLICE DEPARTMENT. While on duty, wearing a police uniform and using the Defendant, City of PORT ST. LUCIE POLICE DEPARTMENT's property, subjected Plaintiff to the deprivation of his rights without reasonable basis.

63.     As a proximate cause, Plaintiff suffered emotional distress resulting from the incident.

WHEREFORE , Plaintiff, EDDIE MICHAEL CANNON, seeks judgment for damages

against the City of PORT ST. LUCIE  Police Department, and awards for compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, attorneys' fees and costs, and any other intangible injuries, and grant such other further relief as it may deem just and proper.

## COUNT V
## NEGLIGENCE AGAINST DEFENDANT, CITY OF PORT ST. LUCIE  POLICE DEPARTMENT

64.    Plaintiff, EDDIE MICHAEL CANNON, hereby sues Defendant, City of PORT ST. LUCIE  POLICE DEPARTMENT, for damages, and adopts and re-alleges paragraphs 1 through 63 above as if fully incorporated by this reference.

65.    At the time of the incident, March 4, 2022, Defendant THOMAS NICHOLS  was an employee of the City of PORT ST. LUCIE POLICE DEPARTMENT. THOMAS NICHOLS was under the City of PORT ST. LUCIE  POLICE DEPARTMENT's direct supervision, employ and control when he committed the wrongful and negligent acts described herein. THOMAS NICHOLS  engaged in this conduct while acting in the course and scope of his employment with the City of PORT ST. LUCIE  POLICE DEPARTMENT and accomplished his negligent act by virtue of his job- created apparent authority.

66.    The City of PORT ST. LUCIE  POLICE DEPARTMENT owed a statutory duty of care to Plaintiff as provided by the Florida Civil Rights Act, of 1992 §760.01(2), Fla. Stat.

67.    Defendant THOMAS NICHOLS  breached his duty of care, which proximately caused Plaintiff to suffer damages.

68.    As a result, Defendant, City of PORT ST. LUCIE  POLICE DEPARTMENT is liable to Plaintiff as a Matter of law.

WHEREFORE, Plaintiff, EDDIE MICHAEL CANNON, seeks judgment for damages against the Defendant, City of PORT ST. LUCIE  POLICE DEPARTMENT, and awards for compensatory damages, including, but not limited to, damages for mental anguish, loss of

dignity, attorneys' fees and costs, and any other intangible injuries, and grant such other further relief as it may deem just and proper.

## COUNT VI
## FALSE IMPRISONMENT AGAINST DEFENDANT THOMAS NICHOLS

69.     Plaintiff, EDDIE MICHAEL CANNON, hereby sues Defendant, THOMAS NICHOLS, individually, as an police officer of the City of Port St Lucie, for damages, and adopts and re-alleges paragraphs 1 through 68 above as if fully incorporated by this reference.

70.     On March 4, 2022, the officer Defendant did unlawfully case an arrest warrant to be issued for Plaintiff CANNON without probable cause.

71.     Defendant THOMAS NICHOLS,  intended to confine Plaintiff.

72.     Defendant performed an act resulting in Plaintiff's confinement.

73.     Plaintiff was conscious of the confinement and/or resulting harm.

74.     All criminal charges resulting from the illegal arrest were "no info'ed" by the prosecuting authority because of a lack of information to sustain the arrest.

75.     Defendant THOMAS NICHOLS 's confinement of Plaintiff caused Plaintiff to suffer damages.

76.     Defendant THOMAS NICHOLS  is liable to Plaintiff as a matter of law.

**WHEREFORE**, Plaintiff, EDDIE MICHAEL CANNON, seeks judgment for damages against the Defendant THOMAS NICHOLS, and awards for compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries,

attorneys' fees and costs, and grant such other further relief as it may deem just and proper.

<div align="center">

**COUNT VII**
**MALICIOUS PROSECUTION – PURSUANT TO 42 U.S.C § 1983 (THOMAS NICHOLS )**

</div>

77.     The Plaintiff hereby incorporates paragraphs 1-76 and as if specifically set forth herein.

78.     On March 4, 2022 the officer Defendant instituted criminal proceedings against the Plaintiff by effecting false arrests, executing affidavits wherein they knowingly provided false information intended to establish probable cause, and delivering the Plaintiff to the county jail for prosecution.

79.     Defendant NICHOLS knew or should have known that Defendant CANNON did not work and used funds provided to her by Plaintiff CANNON to pay her bills.  As such, marital assets were being used to pay for all marital expenses involving the marital asset of the business at the core of Defendant CANNON's allegations.

80.     Defendant NICHOLS intentionally omitted certain information or intentionally failed to ascertain certain information, failed to follow proper procedure in the matter brought before him and maliciously caused the unlawful arrest of Plaintiff CANNON.

81.     All criminal charges resulting from the illegal arrests were "no info'ed" by the prosecuting authority.

82.     As a direct and proximate result of the officer Defendant's malicious prosecution the Plaintiff suffered bodily injury, loss of liberty, and emotional damage which is permanent and/or will continue into the future.

**WHEREFORE**, Plaintiff, EDDIE MICHAEL CANNON, seeks judgment for damages against the Defendant THOMAS NICHOLS, and awards for compensatory damages, including,

but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, attorneys' fees and costs, and grant such other further relief as it may deem just and proper.

## COUNT VIII
## MALICIOUS PROSECUTION – DAYANA CANNON

83.     The Plaintiff hereby incorporates paragraphs 1-82 and as if specifically set forth herein.

84.     On or about March 4, Defendant CANNON instituted a criminal proceeding against Plaintiff by effecting a false and misleading complaint and affidavit and knowingly providing false and misleading information, which led to the arrest of Plaintiff CANNON.

85.     Defendant CANNON acted with malice and with the intention to cause damage to her estranged husband, Plaintiff CANNON.

86.     Defendant CANNON previously made threats about getting Plaintiff CANNON "thrown in jail," to prevent him from timesharing with their minor son.

87.     Defendant CANNON did not work and had no means of income, and used funds provided to her by Plaintiff CANNON to pay her bills.  As such, marital assets were being used to pay for all marital expenses involving the marital asset, which was the "damaged" business of which Defendant CANNON referred to in her complaint.

88.     The false allegations made by Defendant CANNON were made during the pendency of her divorce proceedings and were made to cause harm to Plaintiff CANNON.

89.     All criminal charges resulting from the illegal arrests were "no info'ed" by the prosecuting authority.

90.     As a direct and proximate result of Defendant CANNON's malicious prosecution, Plaintiff suffered bodily injury, loss of liberty, and emotional damage which is permanent and/or

will continue into the future.

WHEREFORE, Plaintiff, EDDIE MICHAEL CANNON, prays judgment of this Honorable Court granting compensatory damages and punitive damages, attorney's fees and all costs against Defendants CITY OF PORT ST. LUCIE, CITY OF PORT ST. LUCIE  POLICE DEPARTMENT, THOMAS NICHOLS, and DAYANA CANNON, as well as all other relief that the Court deems just and proper.

Dated : March 28, 2024

First filing dated: 21st day December, 2023

Respectfully submitted,

**By:/s/ Yvette J. Harrell, Esq.**
Yvette J. Harrell, Esq.
The Law Office of Y.J.Harrell, PLLC
FL Bar# 012936156
156 Frow Avenue
Coral Gables, Florida 33133
(954) 990-7328
Counsel@yhlegal.com

# EXHIBIT - A

# *The Law Office of YJ Harrell,* PLLC

### Attorney-at-Law

June 2, 2022

*Via Certified Mail/Return Receipt*
Mayor Shannon Mart
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984

*Via Certified Mail/Return Receipt*
Vice Mayor Jolien Caraballo
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984

*Via Certified Mail/Return Receipt*
Commissioner Stephanie Morgan
Port St. Lucie City Hall
121 SW Port St. Lucie Port
St. Lucie, FL 34984

*Via Certified Mail/Return Receipt*
Commissioner David Pickett
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984

*Via Certified Mail/Return Receipt*
City Clerk Sally Walsh
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984

*Via Certified Mail/Return Receipt*
Commissioner Anthony Bonna
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984

*Via Certified Mail/Return Receipt*
Darvin Williams
City Manager
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Floor Opa-locka, FL 33054

*Via Certified Mail/Return Receipt*
John A. Bolduc
Interim Chief of Police
Port St. Lucie Police Department Headquarters
121 S.W. Port St. Lucie Boulevard, Bldg. C
Sergeant Donald Mahan Building
Port St. Lucie, FL 34984

## STATUTORY NOTICE OF CLAIM OF EDDIE M. CANNON PURSUANT TO FLORIDA STATUTE §768.28

Re:   **Style of Case:**     **Eddie M. Cannon vs.  City of Port St Lucie**
      **Date of Injury:**    **March 29, 2022**
      **Incident Location:** **2433 Southeast Elston St. Port St. Lucie FL 34952**
      **Social Security:**   **xxx-xx-0555**
      **Date of Birth**     **10/11/1957**

3350 SW 148th Avenue, Suite 110
Miramar, FL 33027
Telephone (954) 990-7328
Counsel@yhlegal.com

*City of Port St Lucie*
*May 24, 2022*

Dear Sir/Madam:

This letter shall serve as the required notice under section 768.28(6), Fla. Stat., that Eddie M. Cannon, intends to file a claim for monetary damages based upon the incident that occurred on March 29, 2022, at 2433 Southeast Elston St. Port St. Lucie FL 34952, while being unjustly arrested by officers employed with the City of Port Saint Lucie Police Department.

It should be noted that (1) the extensive actions taken by the City of Port Saint Lucy Police Department on that date were unjustified, (2) the actions taken by the City of Port Saint Lucie did NOT comport with the pattern of practice or typical procedures of the City of Port Saint Lucy Police Department, (3) the misdemeanor charge of "First Degree Petit Theft" was not actioned, and (4) this incident was subsequently dismissed once information about the case was investigated.

This notice applies to the City, the officials of the City, and the appropriate police officers of the City's Police Department

Pursuant to §768.28(6)(c), Fla. Stat., there are no adjudicated penalties, fines, fees owed by Mr. Cannon to any court or tribunal.

No later than six months from this date, this office will initiate litigation for police misconduct, including use of excessive force and false arrest, against the City, and any other entities and/or persons responsible for the aforementioned incident.

By way of this letter, the City is hereby given notice that this office is seeking all public records relating to this matter. For purposes of this request, the term "records" shall have the statutory definition set forth in section 119.011(11), Fla. Stat. Even if you contend that certain records in the possession of the City are not public records subject to inspection under § 119.07, Fla. Stat., the City has a duty not to dispose, alter or otherwise destroy such records pursuant to§ 119.07(1)(h) and (i).

This letter should also constitute a formal request for copies of the body cam videos worn by each of the officers (including the arresting officer(s) and attending officers) on the date of the incident.

Additionally, this claim letter is a condition precedent to litigation that will be filed upon expiration of the six-month statutory period and should be construed as notice that we will file discovery requests seeking certain records upon expiration of the claim. Through discovery requests, we expect to obtain from the City a number of documents and things, including files

*City of Port St Lucie*
*May 24, 2022*

stored on the City's computers and computer storage media. As part of our initial discovery efforts, we intend to serve the City and its agents with interrogatories and additional requests for documents and things.

Accordingly, this office requests that the City preserve and not destroy, conceal or alter any paper or electronic files and other data generated by or stored on the City's computers and storage media (e.g., hard disks, floppy disks, back-up tapes, etc.), or any other electronic data such as voice mail. As you know, the City's failure to comply with this notice can result in sanctions being imposed by the court for spoliation of evidence or potential evidence.

In order to avoid spoliation, the City will need to preserve and make available the data requested on the original storage media, or on exact copies of that media (sometimes referred to as images copies or evidentiary copies). Do not reuse any media to provide this data. Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we seek all documents in their electronic form, along with information about those documents contained on the media. We also seek paper print outs of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

Because I am sure you are aware that courts have made it clear that all information available on electronic storage media is discoverable, whether it is readily readable (active) or deleted but recoverable. See, e.g., Martino v. Wal-Mart Stores, Inc., 835 So.2d 1251, 1257 (Fla. 4th DCA 2003), approved, 908 So.2d 342 (Fla. 2005); see also Gayer v. Fine Line Canst. & Elec., Inc., 970 So.2d 424, 426 (Fla. 4th DCA 2007).

Thus, the City is also required to preserve and not destroy all passwords, decryption procedures including software to decrypt the files, network access codes, I.D. names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and, if necessary, reconstruct the electronic data we are requesting through discovery.

*City of Port St Lucie*
*May 24, 2022*

To assure that the City's obligations to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referenced in this letter.

If you have any questions, please do not hesitate to contact me.

Sincerely,

*Yvette J. Harrell*

Yvette J. Harrell, Esq.

For the Firm

SHS/ag

cc:   Florida Department of Financial
      Services via Certified Mail –
      return receipt requested

*City of Port St Lucie*
*June 7, 2022*

June 7, 2022

*Via Certified Mail/Return Receipt*
Russ Blackburn
City Manager
Port St. Lucie City Hall
121 SW Port St. Lucie Blvd
Port St. Lucie, FL 34984

## STATUTORY NOTICE OF CLAIM OF EDDIE M. CANNON PURSUANT TO FLORIDA STATUTE §768.28

Re:   **Style of Case: Eddie M. Cannon vs.  City of Port St Lucie**
      **Date of Injury:   March 29, 2022**
      **Incident Location: 2433 Southeast Elston St. Port St. Lucie FL 34952**
      **Social Security: xxx-xx-0555**
      **Date of Birth 10/11/1957**

Dear Sir/Madam

This letter shall serve as the required notice under section 768.28(6), Fla. Stat., that Eddie M. Cannon, intent to file a claim for monetary damages based upon the incident that occurred  on March 29, 2022, at 2433 Southeast Elston St. Port St. Lucie FL 34952 while being unjustly arrested by officers employed with the City of Port Saint Lucie Police Department.

It should be noted that (1) Mr. Cannon  in no way deserved the actions taken by the City of Port Saint Lucy Police Department on that date, (2) the misdemeanor charge of "First Degree Petit Theft" was no actioned, and (4) this incident was subsequently dismissed  once information about the case was investigated.

This notice applies to the City, the officials of the City, and the appropriate police officers of the City's Police Department

Pursuant to §768.28(6)(c), Fla. Stat., there are no adjudicated penalties, fines, fees owed by Mr. Cannon to any court or tribunal.

No later than six months from this date, this office will initiate litigation for police misconduct, including use of excessive force and false arrest, against the City and any other entities responsible for aforementioned incident.

By this letter, the City is hereby given notice that this office is seeking all public records relating to this matter. For purposes of this request, the term "records" shall have the statutory definition set forth in section 119.011(11), Fla. Stat. Even if you contend that certain records in the possession of the City are not public records subject to inspection under § 119.07, Fla. Stat., the City has a duty not to dispose, alter or otherwise destroy such records pursuant to§ 119.07(1)(h) and (i).

This letter should also constitute a a formal request for copies of the body cam videos worn by the officers on the date of the incident.

Additionally, this claim letter is a condition precedent to litigation that will be filed upon expiration of the six-month statutory period, and should be construed as notice that we will file discovery requests seeking certain records upon expiration of the claim. Through discovery requests, we expect to obtain from the City a number of documents and things, including files stored on the City's computers and computer storage media. As part of our initial discovery efforts, we intend to serve the City and its agents with interrogatories and additional requests for documents and things.

Accordingly, this office requests that the City preserve and not destroy, conceal or alter any paper or electronic files and other data generated by or stored on the City's computers and storage media (e.g., hard disks, floppy disks, back-up tapes), or any other electronic data such as voice mail. As you know, the City's failure to comply with this notice can result in sanctions being imposed by the court for spoliation of evidence or potential evidence.

In order to avoid spoliation, the City will need to preserve and make available the data requested on the original storage media, or on exact copies of that media (sometimes referred to as images copies or evidentiary copies). Do not reuse any media to provide this data. Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we seek all documents in their electronic form, along with information about those documents contained on the media. We also seek paper print outs of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

Because I am sure you are aware that courts have made it clear that all information available on electronic storage media is discoverable, whether it is readily readable (active) or deleted but recoverable. See, e.g., Martino v. Wal-Mart Stores, Inc., 835 So.2d 1251, 1257 (Fla. 4th DCA 2003), approved, 908 So.2d 342 (Fla. 2005); see also Gayer v. Fine Line Canst. & Elec., Inc., 970 So.2d 424, 426 (Fla. 4th DCA 2007).

Thus, the City is also required to preserve and not destroy all passwords, decryption procedures including software to decrypt the files, network access codes, I.D. names, manuals, tutorials,

*City of Port St Lucie*
*June 7, 2022*

written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and, if necessary, reconstruct the electronic data we are requesting through discovery.

In order to assure that the City's obligations to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referenced in this letter.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Yvette Harrell, Esq.

For the Firm

SHS/ag

cc:    Florida Department of Financial
       Services via Certified Mail –
       return receipt requested

20231222_121851.jpg



12/22/23, 12:23 PM                                        20231222_121908.jpg



EXHIBIT

"B"

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

EDDIE MICHAEL CANNON,
      Plaintiff,

vs.                             CASE NO. 56 2023CA002947

CITY OF PORT ST LUCIE, CITY OF PORT ST
LUCIE POLICE DEPARTMENT, THOMAS
NICHOLS, DAYANA CANNON, DAYANA
CANNON,
      Defendant(s).
_____/

## ORDER ON REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO AMEND FILED 04/05/2024

      **THIS CAUSE** came before the Court on the Report and Recommendation of the Magistrate and after considering the findings and recommendations therein and being fully advised in the premises, it is

      **ORDERED AND ADJUDGED that**:

      1.    This Report and Recommendation is hereby ratified and approved.

      2.    The parties are ordered to abide by all the findings and recommendations contained in this Report and Recommendation.

      3.    The Court adopts each recommendation contained in this Report and Recommendation as this Court's Order.

      4.    All prior Orders not inconsistent with this Order remain in effect and are hereby reaffirmed.

      **DONE AND ORDERED** on June 19, 2024 in St. Lucie County, Florida.

eSigned by WARONICKI, BRETT M in 2023CA002947
on 06/27/2024 10:47:31 7l6EbaEA

**BRETT M. WARONICKI, Circuit Judge**

**Copies via e-portal service to:**
YVETTE J HARRELL <COUNSEL@YHLEGAL.COM>
Dayana Cannon <danah3@hotmail.es>

**COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES WITHOUT EMAIL AND FILE A CERTIFICATE OF SERVICE.**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO. 2023CA002947

EDDIE MICHAEL CANNON,
an individual,

        Plaintiff

vs

CITY OF PORT ST. LUCIE, a Florida municipality;

CITY OF PORT ST. LUCIE POLICE DEPARTMENT,
an administrative subdivision of the
City of PORT ST. LUCIE, THOMAS NICHOLS,
and DAYANA CANNON, individually.
        Defendants.

**REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO AMEND filed 04/05/2024**

        **THIS MATTER** came before Magistrate Terry A. Slusher on June 3, 2024 pursuant to the Order of Referral entered by Judge Brett Waronicki on May 2, 2024. The Magistrate, having reviewed the Court's file, received evidence and argument of counsel, and otherwise being fully advised in the premises, files this Report and Recommendation:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Magistrate has jurisdiction of the parties and subject matter of this case.

2. Plaintiff was represented by counsel, Yvette J. Harrell.

3. Defendant Dayana Cannon was duly served, is pro se, but was not present.

4. Defendants City of Port St. Lucie, City of Port Saint Lucie Police Department and Thomas Nichols, have not been served and were not present.

5. Plaintiff seeks to amend his Complaint to clarify the claims being made against the parties.

6. Leave to amend should be freely given and this is Plaintiff's first requested amendment.

7. Plaintiff's motion should be granted.

**WHEREFORE, the Magistrate being otherwise fully and well advised in the premises RECOMMENDS THE COURT ORDER as follows:**

A. The Plaintiff's Motion for Leave to File First Amended Complaint filed on April 5, 2024 is GRANTED.

*Page 1*

B. Plaintiff shall file the First Amended Complaint as a stand-alone document within five (5) days of the order.

C. Defendant Dayana Cannon shall file her Answer to the First Amended Complaint within 10 days of the order.

D. Plaintiff shall have thirty (30) days to serve the remaining Defendants.

E. The Court retains jurisdiction for enforcement and all other legal matters.


Recommended in St. Lucie County, Florida.

3:27 pm, Jun 06 2024

**TERRY A. SLUSHER**
**MAGISTRATE**

Copies to all parties via electronic delivery through the e-portal delivery system or via U.S. Mail as specifically identified below.

**Current parties and attorneys only**

*Yvette J. Harrell, Counsel for Plaintiff*
*Dayana Cannon, Defendant*


**IF YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.490(i).  YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED.  A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS.  THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPTS PREPARED FOR THE COURT'S REVIEW**